1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALAVA, LLC, a California limited liability company,<br><br>                              Plaintiff,<br>   vs.<br>INNOVATIVE BEVERAGE GROUP HOLDINGS, INC., a Nevada corporation, INNOVATIVE BEVERAGE GROUP, INC., a Nevada corporation,<br><br>                              Defendants<br>_____<br>INNOVATIVE BEVERAGE GROUP HOLDINGS, INC., a Nevada corporation, INNOVATIVE BEVERAGE GROUP, INC., a Nevada corporation,<br><br>                            Counter-claimants,<br>   vs.<br>MALAVA, LLC, a California limited liability company,<br><br>                            Counter-defendant. | CASE NO. 09cv173 WQH (WVG)<br><br>**ORDER** |

HAYES, Judge:

    The matter before the court is Plaintiff Malava LLC's Motion to Voluntarily Dismiss Case.  (ECF No. 57).

**BACKGROUND**

On January 29, 2009, Plaintiff initiated this action by filing the Complaint. (ECF No. 1). On October 20, 2009, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 34). The FAC alleges that Plaintiff is the owner of the common law trademark and registered United States Trademark "The Anti-Energy Drink." *Id.* at 3 ¶ 9. The Complaint alleges that Defendant misappropriated its mark by using the following slogans, "'anti energy', 'the anti energy drink', and 'the world's first anti energy drink.'" *Id.* at 4 ¶ 15. The Complaint alleges the following claims for relief: (1) federal trademark infringement; (2) federal unfair competition, false designation of origin, passing off, and false advertising; (3) false advertising in violation of section 17500, *et seq.,* of the California Business and Professions Code; and (4) unfair business practices in violation of section 17200, *et seq.,* of the California Business and Professions Code.

On March 5, 2009, Defendant filed an Answer and Counterclaim. (ECF No. 8). On October 21, 2009, Defendant filed an Amended Answer and Counterclaim. (ECF No. 37). The Counterclaim seeks declaratory judgment of non-infringement and invalidity of Plaintiff's mark. *Id.* at 10.

On October 4, 2010, Plaintiff Malava LLC filed a Motion to Voluntarily Dismiss the Case. (ECF No. 57). On October 18, 2010, Defendant Innovative Beverage Group Holdings and Innovative Beverage Group's Opposition to Plaintiff's Motion to Voluntarily Dismiss was filed. (ECF No. 61). On October 23, 2010, Plaintiff filed a Reply. (ECF No. 62).

Plaintiff seeks voluntarily dismiss of its affirmative claims and requests the Court dismiss the case in its entirety. Plaintiff contends that if the Complaint is dismissed, Defendants will not suffer prejudice by the counterclaims being dismissed because the counterclaims would be unnecessary.

Defendants do not oppose dismissal of Plaintiff's Complaint provided that dismissal is with prejudice and Defendant's counterclaims are not dismissed. Defendants contend that there is a case pending before the Trademark Office's Trial and Appeal Board which has been stayed in favor of resolution of this case, and even if that case was decided, Plaintiff could

return to federal court and relitigate these issues by appealing the decision. Defendants contend that Plaintiff is merely forum shopping to gain a tactical advantage. Defendants also contend that the Court has jurisdiction to determine the counterclaims.

## DISCUSSION

### I. Plain Legal Prejudice

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the order dismissing the case states otherwise. *Id*. "Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance upon such terms and conditions as the court deems proper." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

Plain legal prejudice is defined in the Ninth Circuit as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)(citation omitted); *see also Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) ("[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice.)

Although Defendants contend that they may face the prospect of a future litigation and that Plaintiff may gain some tactical advantage, Defendants have failed to show that they will suffer plain legal prejudice as a result of the granting of Plaintiff's Motion to Voluntarily Dismiss the Case. *Hamilton*, 679 F.2d at 145. Plaintiff's Complaint is dismissed.

### II. Case or Controversy

Defendants contend that the Court continues to have jurisdiction over the counterclaims.

Article III of the United States Constitution restricts federal judicial power to the

adjudication of "Cases" or "Controversies."  U.S. Const. art. III, § 2.  The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  "The Declaratory Judgment Act's requirement of 'a case of actual controversy' simply affirms this [Article III] Constitutional requirement, having long been interpreted as referring to any case and controversy that is justiciable under Article III."  *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008) (citations omitted).

In deciding if the case or controversy requirement is satisfied, a court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quotation omitted).  "[A] case or controversy must be based on a real and immediate injury or threat of future injury that is *caused by the defendants*—an objective standard that cannot be met by a purely subjective or speculative fear of future harm."  *Prasco*, 537 F.3d at 1339 (emphasis in original).  "[T]he alleged injury at the root of most justiciable declaratory judgment controversies in the patent [or trademark] context is a restraint on the free exploitation of non-infringing goods, or an imminent threat of such restraint."  *Id.* (quotation omitted).  Under *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151 (9th Cir. 2007), "[A]n action for a declaratory judgment that a patent [or trademark] is invalid, or that the plaintiff is not infringing, [presents] a case or controversy if the plaintiff has a real and reasonable apprehension that he will be subject to liability if he continues to manufacture his product."  *Id.* at 1157 (citing *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555-56 (9th Cir. 1990)).

The sole basis for declaratory judgment and Article III jurisdiction alleged in the Counterclaim is the following: "By accusing Defendants of federal and state trademark infringement and filing the complaint herein, Malava has created a present and actual

controversy between the parties." (ECF No. 37 at 10 ¶ 13). The Counterclaim also alleges that Defendants "previously used the words 'anti-energy' in certain of its marketing, product packaging or advertisements of the 'drank' beverage product. [Defendants have] ceased using 'anti-energy' on such items." *Id.* at 9 ¶ 3. Peter Bianchi, President and Chief Executive Officer of Defendant Innovative Beverage Group Holdings, Inc., states in his declaration: "From approximately October 2007 to June 2008, [Defendants] used the term 'anti-energy' on the 'drank' product packaging. [Defendants] ceased using the term on its packaging in June 2008 . . . ." (ECF No. 61-3 at 46).

Based on the record, Defendants' Counterclaims do not present a case or controversy "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

## CONCLUSION

Plaintiff Malava LLC's Motion to Voluntarily Dismiss Case (ECF No. 57) is **GRANTED**. Plaintiff's Complaint and Defendants' Counterclaims are dismissed without prejudice. The Clerk shall close the case.

DATED: November 19, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge